101 Sup ct. 1828— *Robert Clark, Daniel S. Bacon & others citizens of Monroe vs Ethel Burch Marshal of the village of Monroe* Filed in Clks office Feb. 25. 1828.

Supreme Court In chancery Of the Term of May 1828.

*To the Hon Henry Chipman one of the Judges of the Supreme Court of the Territory of Michigan*

The Petition of Robert Clark Daniel S. Bacon Joseph Wood Oliver Johnson Harry Conant William G. Knaggs Henry Disbrow T. G. Cole John Germain Charles M Humphrey & Albert H Hickock for themselves & others humbly sheweth

That the Legislative Council of the Territory of Michigan at their session holden in Detroit on the 12th day of April Eighteen hundred & Twenty seven passed an act of incorporation granting to the inhabitants of the village of Monroe the right privilege and franchise of electing a certain number of men on the day and to the offices contemplated by said act—said men when so Elected according to the requirements of said act to be and constitute a corporation under the name and style of the President Trustees and freemen of the village of Monroe

That in conformity to the requirements of said act of incorporation—the inhabitants of said village did assemble on the first Monday of May 1827, and did appoint three persons towit Robert Clark Anthony L. Briggs & Wolcott Lawrence to be inspectors of the Polls and asertain and declare the result of said election

That the said inhabitants of said village did then proceed to vote for and put in their ballots for the officers named in said act of incorporation—that the polls were closed at the time fixed by law— that after the polls were closed on said day— said inspectors did proceed to count and ascertain the whole number of votes given in for each of the officers voted for at said election & did determine and declare that John Anderson & Jeremiah Lawrence had, each of them thirty six votes for the office of President of said corporation and that consequently there was no Election of President, there being an equal number of votes for each and neither of them having a majority of the votes so given as was required by the said charter of incorporation

That said Inspectors did also proceed to ascertain and determine the whole number of votes given in for each of the gentlemen voted for as Trustees, Marshall and Treasurer of said corporation and after having so counted all the votes given in as aforesaid— did determine and declare Edward D. Ellis Hiram Brown Peter P— Ferry and Ezekiel Peltier to be duly Elected Trustees as aforesaid and that Ocra Stowell was duly elected Marshall & that Thomas Wilson was elected Treasurer of said Corporation—

That a majority of said Inspectors did determine and declare Anthony L. Briggs to be duly elected one of said Trustees. Whereas in truth and in fact said Anthony L. Briggs did not receive a majority of all the votes so given in for the office of Trustee as aforesaid as required by said charter Yet a majority of said Inspectors did give to the said Anthony L Briggs a certificate of Election as aforesaid

That on a subsequent day not provided in the said Charter of incorporation the aforesaid persons calling themselves Trustees by virtue of said Election—held a meeting and were sworn into office by Peter P Ferry a Justice of the Peace and also a Trustee Elect as aforesaid and the said Peter P. Ferry assuming to act as President

for the time being of said supposed Board as your petitioners are informed did notify an Election to be holden for the choice of a President of said Board— that at the time so notified— Jeremiah Lawrence did receive as your petitioners are informed and [ . . . . ] all the votes given in for President— the whole number of votes given in being small in comparison with the number given in at the first election which was provided for by said Charter     a large portion of the inhabitants of said village believing, with your petitioners that an Election so holden— to provide for a contingency not provided for by said charter, would be and was entirely null and void and believing that having failed of making a choice of a President & Trustees on the day pointed out by the said charter they had forfeited their said charter and consequently all rights under it or by virtue of it and that no subsequent act of theirs or of the persons claiming as aforesaid to act as a Board of Trustees could restore to them the privileges & immunities intended to be given them by said Charter they did not attend the polls nor vote at said Election.

Your petitioners further shew that the said supposed President & Trustees aforesaid so elected and qualified as aforesaid assuming to act by virtue of the provisions of said Charter of incorporation and under the style and name of the President Trustees & freemen of the village of Monroe have and do assume to exercise all the authority given and intended to be given to a President  Trustees &c to be elected at a time and at a place pointed out by said act of incorporation and qualified as is by said act directed—

That in pursuance of said supposed authority the said supposed President and Trustees have assumed to make certain by-laws imposing penalties as your petitioners are informed and have assessed Taxes or rates upon each of the said inhabitants of said village of Monroe aforesaid to a very large amount— and have threatened to put in force the provisions of the said supposed Charter and the by-laws by them made for the collection of the same, by directing their supposed Marshall to distrain the goods of all such persons so taxed as aforesaid and advertise the same for sale at public auction and to sell the same on a day to be designated by said supposed Marshall unless such persons whose goods shall be so as aforesaid distrained shall on or before the day so to be designated by said supposed Marshall redeem their said goods by paying or causing to be paid the sums or sums so as aforesaid levied of on them and for which said sum said distraint should be made which said sums so assessed by said supposed board and intended to be levied by said supposed Marshall— Your petitioners are informed— that neither the said marshall nor the said supposed President & Trustees so as aforesaid elected nor any one for them— neither by the provisions of said supposed charter nor by the provisions of any other act or law of this Territory are, in anywise entitled so to collect and receive of & from your said Petitioners—

Your petitioners further shew that they are informed that they have not nor cannot have any appropriate redress or any means of escaping from such illegal exercise of authority as aforesaid so threatened by said supposed Trustees & marshall— but by an application to the Supreme court of said Territory praying that a Writ of  Quo Warranto may issue from said court directed to said supposed President & Trustees requiring them to shew to said court by what authority or in virtue of what charter or Law they exercise or attempt to exercise the office of President and Trustees as aforesaid or perform or threaten to perform the acts herein above set forth—

Your petitioners further shew that they are informed that an application for said Writ of Quo Warranto to issue so as aforesaid cannot be made by your petitioners before [the] session of the supreme court in May next & while said court is open and

that should said supposed President & Trustees & Marshall in the meantime proceed to put in force their threats as aforesaid that your petitioners will be greatly distressed their property illegally taken from them and that your petitioners must remain without any, or any adequate remedy, unless it shall please your honor to injoin said supposed President Trustees & Marshall from further proceedings in the premises until your petitioners shall be able to avail themselves of the provisions of law in such case provided

Your petitioners therefore pray your honor to take their case into consideration & inquire into the truth of the foregoing facts & on their being found to be true to order and decree that the said defendants be enjoined and commanded to desist and proceed no further in the premises until such time as your petitioners may be able to avail themselves of the remedy given them by law in such cases— and your petitioners as in duty bound shall pray

WILLIAM GEO KNAGGS
HENRY DISBROW     ROBERT CLARK
T G. COLE       DANIEL S. BACON
JOHN JERMAIN      JOSEPH WOOD
ROBERT CLARK J^R     OLIVER JOHNSON
CHARLES M. HUMPHREY
ALBERT H. HICKOK     HARRY CONANT
            & others

*[Attached to the foregoing]*

Monroe County   Ss

Personally appeared before the undersigned a Justice of the County Court in & for said County   Robert Clark J^r who acted as a Clerk to the Board of Inspectors at election so held as stated in the above Petition who being duly sworn maketh oath & saith that the facts set forth & contained in the above Petition are true in substance and in fact according to his best knowledge and belief

Subscribed and sworn to before me this 22^d day of February A.D. 1828—

ROBERT CLARK JR
JAMES J GODFROY
Asso. Judge Monroe County Court